FILED



2010 MAR 22  PM 4: 04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY:_____

1  Alexander Collin Baker
2  Private Attorney General
3  15911 Valley Wood Road
4  Sherman Oaks, CA  91403
5  tel: 818-644-5535
6  In Pro Per
7
8            **UNITED STATES DISTRICT COURT**
9            **CENTRAL DISTRICT OF CALIFORNIA**
10                    **SOUTHERN DIVISION**
11
12  Alexander Collin Baker,          Case No.: SACV10-14 JVS (ANx)
13  And Does 1-10,                   (Hon. James V. Selna 10-C)
14            Plaintiff,
                                     RICO CASE STATEMENT
15        vs.
                                     Date:
16  Richard J. Fischel MD, Ph.D; Richard J.
17  Fischel, a Medical Corporation; Glenn    Time:
18  H. Clark; Schmid and Voiles; Steven C.   Location: Courtroom 10C
19  Glickman; Glickman and Glickman, A
20  Law Corporation; Tami Smolin; And
21  Does 1-10,
22            Defendants.
23
24
25
26
27
28

            *Plaintiff's RICO Case Statement - page 1*

## 1.    RICO Provisions

This action is brought under all four subdivisions of civil RICO - §1962 (a), (b), (c) and (d).

## 2.    Defendants

Defendant Richard J. Fischel, MD, Ph.D is a thoracic surgeon in Orange County California. Dr. Fischel is liable because he routinely makes intentional misrepresentations to his patients about the nature and risk of ETS surgery, in order to obtain consent.  So profound are these misrepresentations that ETS surgery is, in reality, a completely different procedure than what is consented to. Dr. Fischel's ETS surgery, with its consequent effects on heart, lungs, blood vessels, thyroid, bone, bone marrow, goose bumps, sensory nerves, fat tissue, sweat glands, temperature regulation, exercise capacity, and emotional function, thus constitutes battery.

Defendant Richard J. Fischel, a Medical Corporation is Dr. Fischel's Corporate entity, and is jointly and severally liable for individual Fischel's tortious conduct.

Defendant Tami Smolin is a registered nurse, and is employed by Dr. Fischel. Having undergone medical training, nurse Smolin surely knows the various functions of the sympathetic nervous system in the upper chest area. Nurse Smolin's liability arises from her intentional misrepresentations about the nature and risk of ETS surgery, made via U.S. Mail and telephone.

Defendant Schmid & Voiles is the "in house" legal defense team of Cooperative of American Physicians – Mutual Protection Trust (CAP-MPT), a doctor-owned

*Plaintiff's RICO Case Statement - page 2*

1  medical liability insurer. Schmid and Voiles is liable because its agents bribe
2  opposing attorneys to obtain illicit cooperation in destroying the meritorious court
3  cases against Dr. Fischel.

5  Defendant Glenn H. Clark is a staff attorney for Schmid & Voiles, and served as
6  lead defense attorney representing Dr. Fischel in prior litigation. Mr. Clark is liable
7  because he issues bribes to opposing attorneys to obtain their illicit cooperation in
8  destroying meritorious cases against Dr. Fischel.

10  Defendant Steven C. Glickman is a California attorney, located in Beverly Hills,
11  and specializing as a Plaintiff's attorney for Medical Malpractice and Personal
12  Injury cases. Mr. Glickman represented Mr. Baker in prior litigation against Dr.
13  Fischel. Mr. Glickman is liable because he accepted a bribe from Glenn Clark
14  and/or Schmid & Voiles, and then fraudulently destroyed Mr. Baker's meritorious
15  court cases against Dr. Fischel. Mr. Glickman's fraud included the un-opposed
16  dismissal of a valid punitive damages claim against Dr. Fischel.

18  Defendant Glickman & Glickman, a Law Corporation is Steven C. Glickman's
19  corporate entity, believed to be a partnership with his father, attorney David
20  Glickman. Glickman and Glickman, a Law Corporation was attorney of record for
21  Plaintiff Alexander Collin Baker from sometime before October 7, 2005, until
22  about April 2006, and as such, is jointly and severally liable for individual Steven
23  C. Glickman's tortious conduct.

*Plaintiff's RICO Case Statement - page 3*

## 3.    Other RICO Violators

Martin Cooper, MD. – Surgeon, about 1998-2001 partnered with Dr. Fischel to develop Fischel's current ETS method, misrepresents nature and risk of ETS surgery to patients, and to the public.

Dana Kramer – Nurse, about 2001-2009 is Surgical First Assistant to Dr. Fischel for ETS surgery, misrepresents nature and risk of ETS surgery to patients via U.S. Mail, email.

Jane Calmese – Nurse, about 2001-2009 is office staff for Dr. Fischel, misrepresents nature and risk of ETS surgery to patients via U.S. Mail, email, made false, material statements under oath in prior litigation.

Randal Whitecotton – Plaintiff Medical Malpractice Attorney, about 2004-2005 represented Alexander Baker, also Kerrigan Mahan, in suing Dr. Fischel. Mr. Whitecotton accepted a bribe from Schmid & Voiles. Mr. Whitecotton engineered the wholesale destruction of Mr. Mahan's case against Dr. Fischel, falsely telling Mahan he had filed a case for an entire year, then finally filing a very weak malpractice case, and quitting as attorney the next day. Whitecotton also undermined Mr. Baker's case against Dr. Fischel, refusing to file signed declarations from other Fischel patients, refusing to ask relevant questions at deposition, falsely claiming to have amended the complaint to allege fraud, refusing to communicate with Mr. Baker for months on end, then finally quitting on the eve of trail.

Moses Lebovits – Plaintiff Medical Malpractice Attorney, about 2003-2005, represented Michael Cushner in suing Dr. Fischel.   Mr. Lebovits accepted a bribe

from Schmid & Voiles. At trial against Dr. Fischel, Mr. Lebovits did not call his own expert witness to testify, and did not call 3 other victim witnesses, all 3 of whom were on the witness list, and prepared to corroborate Mr. Cushner's story, and to criticize Dr. Fischel.

## 4.   Victims

Alexander Baker, Michael Cushner, Kerrigan Mahan, Timothy Driscoll, Lucy Guest, Mitchell Zacarias, and many other individuals names unknown; all consented to ETS surgery under the false representations made by Dr. Fischel. Each was disabled physically and mentally, which has led to derivative property injuries in the form of lost income. Mr. Baker's property was directly injured in the form of $1000 paid to Dr. Fischel. It is believed that all victims directly paid some money to Dr. Fischel, that part of the ETS surgery price not covered by insurance. The amounts of the direct property injuries to other victims must be established through discovery.

## 5.   §1962 (c) – ETS Surgery as RICO Enterprise

### a. Predicate Statutes

Alleged here are predicate acts under 18 U.S.C. §1035 (Health Care Fraud); 18 U.S.C. §1341 (Mail Fraud); 18 U.S.C. §1343 (Wire Fraud); 18 U.S.C. §241 (Conspiracy Against Rights); 42 U.S.C. §1983 (Civil Action for Deprivation of Rights) and 42 U.S.C. §1985 (Conspiracy to Interfere with Civil Rights); Psychosurgery Without Consent  (California Welfare and Institutions Code

1  §5325(g)); Medical Battery (California Supreme Court case *Cobbs v. Grant*
2  (1972) and Arizona Supreme Court case *Duncan v. Scottsdale Med. Imaging, Ltd.)*
3  (2003)); Felony Perjury (California Penal Code §118 (a)); Felonies with Related
4  Fraud While Taking Over $500,000 (California Penal Code §186.11).

5
6  ## Mail Fraud – 18 U.S.C. §1341
7
8  From 2002-2008, Defendants Richard J. Fischel MD, Ph.D; Richard J. Fischel, a
9  Medical Corporation; and Tami Smolin engaged in a pattern of using the United
10  States Mail to transmit copies of a CD-ROM video for the purpose of enticing
11  people to undergo ETS surgery. The CD-ROM video contained many intentional
12  material falsehoods and omissions regarding the nature of ETS surgery.
13
14  The above named Defendants also used the United States Mail generally, in the
15  regular course of operating the ETS surgery Enterprise, an Enterprise that is
16  fundamentally fraudulent, in that Dr. Fischel issues material misrepresentations
17  about the nature of ETS surgery during the routine patient-doctor consultation.
18
19  These misrepresentations issued by Dr. Fischel, and by Tami Smolin, were relied
20  upon by the Plaintiffs and others in their regrettable decisions to undergo ETS
21  surgery. The Plaintiffs and others were damaged as a result. By using the United
22  Stated Mail as described above, the above named Defendants intended to, and did,
23  further the overall fraudulent purposes of the ETS surgery Enterprise; therefore
24  Defendants Richard J. Fischel, MD, Ph.D, and Richard J. Fischel a Medical
25  Corporation, and Tami Smolin are chargeable for Mail Fraud under 18 U.S.C.
26  §1341.
27
28

*Plaintiff's RICO Case Statement - page 6*

1   Defendants Schmid and Voiles, Glenn H. Clark, Steven C. Glickman, and
2   Glickman and Glickman a Law Corporation used the U.S. Mail and Electronic
3   Mail to transmit documents, an activity that furthered their overall purposes of
4   destroying meritorious court cases by fraudulent means, and therefore Defendants
5   Schmid and Voiles, Glenn H. Clark, Steven C. Glickman, and Glickman and
6   Glickman a Law Corporation are chargeable for Mail Fraud under 18 U.S.C.
7   §1341.

8
9

10   ### Wire Fraud – 18 U.S.C. §1343

11

12   From 2001-2008, Dr. Fischel's website (http://hyperhidrosis.la), contained
13   intentional, material misrepresentations of commission and omission with respect
14   to the risks of ETS surgery. These misrepresentations were electronically
15   transmitted by wire to potential victims all across the United States. Therefore
16   Defendant Richard J. Fischel MD, Ph.D did transmit by means of wire
17   communication in interstate commerce, writings for the purpose of executing a
18   scheme to defraud, and obtain money by means of false and fraudulent pretenses,
19   representations, and promises, in connection with false representations made about
20   the nature and risks of ETS surgery.

21

22   Dr. Fischel's associates, namely nurses Dana Kramer, Tami Smolin, and Jane
23   Calmese, routinely used the telephone and email to communicate fraudulent
24   representations about the nature of ETS surgery to potential victims, and so for all
25   of the above reasons Defendants Richard J. Fischel MD, Ph.D and Tami Smolin
26   are chargeable for Wire Fraud under 18 U.S.C. §1343

27
28

*Plaintiff's RICO Case Statement - page 7*

1
2

## Health Care Fraud – 18 U.S.C. §1035

3   During the relevant time period, Defendant Richard J. Fischel MD, Ph.D did
4   intentionally make materially false, fictitious, fraudulent statements and
5   representations about the risks of ETS surgery to his patients, and did intentionally
6   conceal material facts about the risks of ETS surgery from his patients. These
7   patients include, but are not limited to, Alexander Baker; Kerrigan Mahan,
8   Mitchell Zacarias, Lucy Guest, Michael Cushner, and Timothy Driscoll. Each one
9   of these patients relied upon Dr. Fischel's intentional deceptions in their decision
10  to undergo ETS surgery. Each one did undergo surgery, and each and was harmed
11  as a result. Dr. Fischel did accept payment from a Health Care Benefit Plan in each
12  case; therefore Defendant Richard J. Fischel MD, Ph.D is, in each of these
13  instances, criminally chargeable for Health Care Fraud under 18 U.S.C.
14  §1035(a)(1-2).

15

## Felony Battery - California Penal Code §242

17
18  Obtaining consent under fraudulent pretenses, Defendant Richard J. Fischel's
19  actions during ETS surgery were unlawful. During surgery, Dr. Fischel did
20  intentionally and violently penetrate Alexander Baker's ribcage with a sharp tools,
21  and then did intentionally and violently mutilate his sympathetic nervous system.
22  The same holds true for any and all other ETS victims of Dr. Fischel, and therefore
23  Defendant Richard J. Fischel MD, Ph.D is chargeable for Felony Battery under
24  California Penal Code §242.

25
26
27
28

## Felony Perjury – California Penal Code §118 (a)

On February 17, 2005, under oath and under penalty of perjury, defendant Richard J. Fischel MD, Ph.D did falsely claim Alexander Baker was shown an ETS consent form. This was a material issue in the Baker v. Fischel case, therefore Defendant Richard J. Fischel MD, Ph.D is chargeable for Felony Perjury under California Penal Code §118 (a).

On February 17, 2005, under oath and under penalty of perjury, defendant Richard J. Fischel MD, Ph.D did falsely claim to have warned Alexander Baker that he would not sweat on his upper body after ETS surgery. This was a material issue in the Baker v. Fischel case, therefore Defendant Richard J. Fischel MD, Ph.D is chargeable for Felony Perjury under California Penal Code §118 (a).

On February 17, 2005, under oath and under penalty of perjury, defendant Richard J. Fischel MD, Ph.D did falsely claim to have warned Alexander Baker about the possibility of heart problems caused by ETS surgery. This was a material issue in the Baker v. Fischel case, therefore Defendant Richard J. Fischel MD, Ph.D is chargeable for Felony Perjury under California Penal Code §118 (a).

On February 17, 2005, under oath and under penalty of perjury, defendant Richard J. Fischel MD, Ph.D did falsely claim to have warned Alexander Baker about changes to the sensation of touch caused by ETS surgery. This was a material issue in the Baker v. Fischel case, therefore Defendant Richard J. Fischel MD, Ph.D is chargeable for Felony Perjury under California Penal Code §118 (a).

Under oath and under penalty of perjury, in a written declaration, Defendant Tami Smolin did falsely claim that, during a phone call, Alexander Baker referred to Dr.

*Plaintiff's RICO Case Statement - page 9*

Fischel as a "felon". A consensual recording of the call reveals that Mr. Baker
made no such statement. This was a material issue in the Fischel v. Baker
"defamation" case, therefore Defendant Tami Smolin is chargeable for Felony
Perjury under California Penal Code §118 (a).

On April 30, 2009, while testifying as defendant in the Small Claims Action, Baker
v. Glickman, Los Angeles Superior Court, case number BH 09S00432, under oath
and under penalty of perjury, Defendant Steven C. Glickman did orally issue a
statement essentially identical to the following statement, cited here from
Glickman's "Defendant's Trial Brief", a document submitted to the court when
Glickman was under oath:

> As can be seen [in the text of CCP §425.13(a)], there is a
> requirement that the motion allowing punitive damages
> be filed no later than two years after the complaint is
> filed. The complaint in the underlying action was filed on
> October 10, 2003. Glickman did not substitute in as
> counsel for Baker until October 12, 2005. Thus the two
> year time period had already lapsed for filing a punitive
> damages claim.

The above statement by Steven C. Glickman was and is false, in that the two year
time period for filing a punitive damages claim against Dr. Fischel had not lapsed.
A claim for punitive damages, against Dr. Fischel, was filed on October 7, 2005,
by Steven C. Glickman, as Mr. Baker's attorney of record. The above statement by
Steven C. Glickman was material, indeed crucial to the proceeding, in that the
fraud cause of action being heard at that time was based upon showing that
Glickman had, as Mr. Baker's attorney in the prior action against Dr. Fischel,
agreed, without opposition, to dismiss a perfectly meritorious punitive damages

*Plaintiff's RICO Case Statement - page 10*

1   claim. Therefore Defendant Steven C. Glickman is chargeable for Felony Perjury

2   under California Penal Code §118 (a).

3

4   ## Commercial Bribery – California Penal Code §641.3

5

6   While representing Alexander Baker as attorney of record, Defendants Steven C.

7   Glickman and Glickman & Glickman a Law Corporation did corruptly accept

8   money or something of value from Dr. Fischel's attorney of record Schmid &

9   Voiles, and lead attorney Glenn H. Clark; and did so without the knowledge or

10  consent of Alexander Baker; and Steven C. Glickman did agree to use his position

11  to destroy Mr. Baker's punitive damages claim against Dr. Fischel, which did

12  benefit Dr. Fischel, and Schmid & Voiles, and Glenn H. Clark, and Steven C.

13  Glickman; therefore Defendants Steven C. Glickman, Glickman & Glickman a

14  Law Corporation, and Schmid & Voiles, and Glenn H. Clark, and Richard J.

15  Fischel MD, Ph.D, and Richard J. Fischel a Medical Corporation are chargeable

16  for Commercial Bribery under California Penal Code §641.3.

17

18  ## Felonies with Related Fraud While Taking More Than $500,000
19  ## California Penal Code §186.11.

20

21  From 2001-2009, Defendant Richard J. Fischel did engage in a pattern of

22  committing Felony Battery, a material element of which was fraud, while also

23  taking in excess of $500,000;  therefore Defendant Richard J. Fischel MD, Ph.D is

24  chargeable under California Penal Code §186.11.

25

26

27

28

*Plaintiff's RICO Case Statement - page 11*

1

2 **b., c. §1962(c)  RICO Pattern  – ETS Surgery Enterprise**

3

4 Dr. Fischel's ETS surgery enterprise satisfies the pattern elements of §1982(c).

5 From before May 9, 2001 through at least February 9, 2008, Dr. Fischel and his

6 associates within the Enterprise employed the following consistent pattern:

7

8 ▪ Via the fraudulent website and/or U.S. Mailing the fraudulent CD-ROM

9 video, lure potential victims to the consultation room by advertising a

10 surgical "cure" for excessive sweating and facial blushing.

11

12 ▪ In the consultation, diagnose "hyperhidrosis" (excessive sweating) and/or

13 facial blushing, based entirely on patient's own subjective description.

14

15 ▪ In the consultation, fraudulently convince the potential victim that ETS

16 surgery is safe and effective, by intentionally issuing material falsehoods,

17 and intentionally omitting significant facts about the known results of ETS

18 surgery, which is in fact a physically and mentally disabling form of nerve

19 damage.

20

21 ▪ Schedule surgery.

22

23 ▪ Determine if and to what extent the prospective victim's insurance plan will

24 cover the fee, and/or if the prospective victim can pay cash.

25

26 ▪ Penetrate the victim's ribcage with sharp tools, then intentionally destroy a

27 segment of the sympathetic chain of ganglia, in the upper chest region, on

28 both sides, thus physically and mentally disabling the victim.

*Plaintiff's RICO Case Statement - page 12*

- Get paid.

- When victim returns to complain of post-operative problems, falsely deny the problems could have been caused by ETS surgery, and/or falsely claim to have warned the victim, and/or falsely claim that the problems will go away with time.

**d. Criminal Convictions**

No criminal convictions have yet resulted from these circumstances.

**e. Relatedness and Continuity**

In *H.J. Inc. v. Northwestern Bell*, 492 U.S. 229 (1989), the Supreme Court determined that the factors of "relatedness" and "continuity" combine to produce a pattern of racketeering. As a result of the Supreme Court's decision in *H.J. Inc.*, the statutory definition of pattern (18 U.S.C. §1961(5)) has been rendered meaningless for all practical purposes.

To be related, the criminal actions that form the pattern must "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics." (*H.J. Inc.*, 492 U.S. at 240).

Dr. Fischel's Enterprise not only meets one of the preceding qualifications for relatedness, it meets all of them. The criminal actions in Dr. Fischel's ETS surgery

scheme all have the same purpose, that is mutilation for money. They have the same results, that is Dr. Fischel and the Enterprise are enriched, while the victim is left with a mutilated sympathetic nervous system, and the litany of physical and mental disabilities that comes with it. The participants are the same, the victims are interchangeable. And the methods of commission are the same, as previously described.

Continuity may be close-ended or open-ended. (Id. at 241).

> "A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time." (Id. at 242).

Some courts have held that "a substantial period of time" may be as little as a year. (See *Religious Technology Ctr. v. Wollersheim*, 971 F.2d 364, 366 (9th Cir. 1992) ("[w]e have found no case in which a court has held the requirement to be satisfied by a pattern of activity lasting less than a year")). Yet, the Second Circuit Court of Appeals has noted: "we have 'never held a period of less than two years to constitute a substantial period of time.'" (*Spool v. World Child Intern. Adoption Agency*, 520 F.3d 178, 184 (2d Cir. 2008))

Dr. Fischel's Enterprise has operated under the above described pattern continuously from before May 9, 2001 through at least February 9, 2008. Thus the requirement for close-ended continuity is surely met.

Open-ended continuity exists when criminal conduct is specifically threatened to be repeated or to extend indefinitely into the future. (*H.J. Inc.*, 492 U.S. at 242-43).

*Plaintiff's RICO Case Statement - page 14*

1    In 2009, Dr. Fischel has deleted his website, and ceased distribution of his CD-

2    ROM video. This would tend to indicate a guilty mind, and awareness of the

3    evidentiary power they represent. Yet Dr. Fischel continues to offer ETS surgery

4    for excessive sweating and facial blushing. The fundamental "ETS surgeon's

5    dilemma" still persists. Sane people with cosmetic problems do not consent to ETS

6    surgery knowing the risks. Thus we must presume Dr. Fischel's sales pitch remains

7    essentially as it was, and that criminal conduct of the Enterprise is specifically

8    threatened to be repeated and to extend indefinitely into the future.

9

10    **6.    Enterprise**

11

12    **a. Names, Corporations**

13

14    See above, "2.  Defendants".

15

16    **b. Purpose, Function, Course of Conduct, Daily Activities**

17

18    The Defendants within Dr. Fischel's ETS practice share the common purpose of

19    making money from ETS surgery. The daily course of conduct involves

20    deliberately deceiving prospective patients about the nature and risk of ETS

21    surgery, thus obtaining consent under fraudulent pretenses, indeed obtaining

22    consent to an imaginary procedure completely different from real ETS, then

23    deliberately destroying part of their sympathetic nervous system, which is therefore

24    battery.

25

26    The Defendants share a common purpose to protect Dr. Fischel's Enterprise, thus

27    protecting the source of funding, i.e. Dr. Fischel's ETS practice. The daily course

28    of conduct involves bribing opposing attorneys, obtaining their illicit cooperation

1  in destroying meritorious court cases against Dr. Fischel, employing such tactics as
2  witness and evidence tampering, fraudulently dismissing valid punitive damages
3  claims, quitting, and the like.
4
5  **c. Employee Structure**
6
7  Please see above, 2.  Defendants.
8
9  **d. Enterprise/Racketeering Distinction**
10
11  Some circuits have held that a RICO plaintiff who relies on an association-in-fact
12  enterprise must plead and establish that there is an enterprise separate and distinct
13  from the pattern of racketeering (*Odom v. Microsoft Corp.*, 486 F.3d 541, 549-550
14  (9th Cir. 2007) (citing cases from the Third, Fourth, Eighth, and Tenth Circuit
15  Courts)).
16
17  Dr. Fischel clearly has an enterprise separate and distinct from the pattern of
18  racketeering. In addition to ETS surgery, Dr. Fischel performs lung surgery, by all
19  accounts a legitimate medical practice.
20
21  The attorneys comprising Schmid & Voiles law firm also have an enterprise
22  separate from their RICO Enterprise, in that they also engage in legitimate legal
23  defense for their doctor-clients whose cases do not require the illicit tactics needed
24  for Dr. Fischel's situation.
25
26  And, the opposing attorneys, such as Steven C. Glickman, similarly have a law
27  practice, part of which is legitimate.
28

*Plaintiff's RICO Case Statement - page 16*

## 7.    Interstate Commerce

When a RICO claim is based upon violations of federal criminal statutes, the nexus with interstate commerce is necessarily established by the commission of the underlying federal crime. (See *United States v. Urban*, 404 F.3d 754, 767 (3d Cir. 2005) (stating that the government / plaintiff "need only prove that Hobbs Act extortion potentially affected interstate commerce")).

Because the U.S. Constitution confers the postal powers upon the federal government, acts of Mail Fraud, even intrastate use of the mails, have an inherent nexus with interstate commerce. (*United States v. Elliott*, 89 F.3d 1360 (8th Cir. 1996)).

In this case, Dr. Fischel and Defendant Tami Smolin regularly used the U.S. Mail to deliver copies of Dr. Fischel's fraudulent CD-ROM video to prospective victims. Interstate Wire Fraud is also alleged, with respect to Dr. Fischel's website, hyperhidrosis.la. Mail and Wire fraud are not the only ways that this RICO Enterprise affected interstate commerce.

From 2001 – 2008, Dr. Fischel's website, hyperhidrosis.la, was viewable from anywhere in the United States, largely via copper wires. The website makes specific mention of the interstate nature of Dr. Fischel's commerce:

> "[T]he Hyperhidrosis.LA Surgery Center routinely handles clients that have traveled in for this life-changing surgery from all parts of the United States."

> "If you are coming in from out of state, however, please plan on setting aside four (4) days for interview, recovery

*Plaintiff's RICO Case Statement - page 17*

and travel." (First Amended Complaint, *Baker v. Fischel et al.*, exhibit 20)

Declarant Lucy Guest traveled from Texas to have ETS surgery with Dr. Fischel in June 2003.

Defendants Schmid & Voiles, Glenn H. Clark, Steven C. Glickman, and Glickman & Glickman a Law Corporation commit Mail and Wire Fraud, in that they use the U.S. Mail, and electronic mail, to transmit documents, and in so doing they intend to, and they succeed at, furthering their overall objective, which is fraudulent, insofar as it entails the intentional destruction of meritorious court cases threatening Dr. Fischel and the Enterprise, by illegal means such as commercial bribery, witness tampering, evidence tampering, and common law fraud.

## 8.    § 1962 (a) – Protecting the Enterprise with Re-Invested Funds

From 2001 until at least 2006, in order to protect the Enterprise, Richard J. Fischel, MD, Ph.D, Richard J. Fischel a Medical Corp., Schmid & Voiles, Glenn H. Clark, and opposing attorneys including, but not limited to, Steven C. Glickman, engaged in the following pattern of conduct:

- Periodically re-invest some proceeds from ETS surgery into a slush fund, concealed within normal liability insurance premiums paid to CAP-MPT (parent company of Schmid & Voiles).

- Victim sues Dr. Fischel in state court for medical malpractice and/or fraud and /or battery

1

2 ■   Mobilize slush fund. Enterprise attorney Schmid & Voiles, via lead

3 defense attorney Glenn H. Clark, bribes victim's attorney, e.g. Steven C.

4 Glickman. Obtain cooperation from victim's attorney in witness tampering,

5 evidence concealment, fraud, and other illicit actions necessary to achieve an

6 outcome favorable to the Enterprise.

7

8 Plaintiffs assert a property right in the meritorious causes of action previously

9 brought against Dr. Fischel in State Court. Plaintiffs sustained injury to this

10 property, injury that occurred by reason of the investment of racketeering income,

11 and injury that would not have occurred but for by the investment of racketeering

12 income.

13

14 **9.   §1962 (b) Pattern - Infiltrating the Opposition**

15

16 The court's opinion in *Casper v. Paine Webber* sets forth a clear guideline for the

17 pattern elements required under §1962(b):

18

19 "Such an injury [actionable under §1962(b)] may be

20 shown, for example, where the owner of an enterprise

21 infiltrated by the defendant as a result of racketeering

22 activities is injured by the defendant's acquisition or

23 control of his enterprise." (*Casper v. Paine Webber*

24 *Group, Inc.*, 787 F.Supp. 1480, 1494 (D.N.J.1992)).

25 Dr. Fischel's infiltration of opposing litigants is exactly the type of behavior

26 intended to be addressed under 18 U.S.C. §1962(b). Under §1962(b), the legitimate

27 enterprise is any meritorious court action brought against Dr. Fischel, while the

28 RICO enterprise is Dr. Fischel's illicit control of it.

*Plaintiff's RICO Case Statement - page 19*

1
2
3

4   Inserting the particular facts here into the court's guideline from *Casper,* we

5   obtain: "Such an injury [actionable under §1962(b)] may be shown, for example,

6   where the owner [Alexander Baker] of an enterprise [Mr. Baker's meritorious

7   court case against Dr. Fischel] infiltrated by the defendant [Dr. Fischel and

8   associates] as a result of racketeering activities [bribing Steven C. Glickman, wire

9   fraud] is injured [deprived of his right to a fair trial] by the defendant's acquisition

10  or control of his enterprise [directing Glickman to subvert the case]."

11

12  The same kind of infiltration is alleged in Michael Cushner's case, and Kerrigan

13  Mahan's case too.

14

15  **10.    §1962 (c) Pattern – The ETS Surgery Enterprise**

16

17  Dr. Fischel is at the nucleus of the entire RICO Enterprise. Dr. Fischel employs

18  nurse Tami Smolin to handle general receptionist duties, and to help disseminate

19  false information regarding the nature and risk of ETS surgery. Fischel employs

20  Schmid & Voiles, and lead attorney Glenn H. Clark, via his liability premium

21  payments to CAP-MPT. Fischel employs the ostensibly opposing attorneys via

22  commercial bribery.

23

24  For RICO purposes, Dr. Fischel the individual is the liable "defendant person".

25
26
27
28

*Plaintiff's RICO Case Statement - page 20*

## 11.    §1962 (d) Pattern – The Conspiracies

Within the core practice of ETS surgery, Dr. Fischel and his close associates, such as Defendant nurse Tami Smolin, conspire to defraud potential victims with respect to the nature and risk of ETS surgery.

In protecting the Enterprise against lawsuits, Dr. Fischel issues a general directive to do whatever is needed to prevail. Toward that end, Defendants Schmid & Voiles and Glenn H. Clark solicit and obtain the conspiratorial cooperation of opposing attorneys, such as Defendant Steven C. Glickman, and Glickman & Glickman a Law Corp., by issuing bribes in exchange for illegal favors, such as dismissing valid punitive damages claims against Dr. Fischel.

In each instance there is more than one person plotting and agreeing to commit the illegal patterns of conduct stated above, therefore there is a conspiracy to commit RICO in each instance.

## 12.    Injury to Business or Property

The core practice of ETS surgery directly injured the property of the plaintiffs, in the form of money paid to Dr. Fischel as an insurance co-pay or deductible. Plaintiff Alexander Baker paid $1000 out-of-pocket to Dr. Fischel, that portion of the ETS surgery price not covered by his PPO insurance plan. But for the fraudulent representations made by Dr. Fischel, that property would not have changed hands.

In addition to these direct monetary injuries, plaintiffs further allege a derivative pattern of property injuries caused by Dr. Fischel's ETS surgery. ETS surgery causes profound physical and mental injury, personal injuries which lead to loss of earnings. For example, plaintiff Alexander Baker earns a living as a composer of music, and substantially relies upon an intact sense of strong emotions to guide his musical creations. The inability to experience strong emotion has rendered music meaningless to him, and negatively impacted his ability to earn a living.

Plaintiffs assert a property right in the meritorious court cases previously brought against Dr. Fischel in State Court. This property was injured by reason of the racketeering activity, that is bribery and conspiracy to destroy the court cases by illegal means, including evidence tampering, witness tampering, and fraud. There are a litany of such tactics detailed in the Complaint, paragraphs 114-181. The most blatant example being January 25, 2006, Orange County Superior Court, Steven C. Glickman dismissing the perfectly valid and timely punitive damages claim against Dr. Fischel, falsely claiming it was time-barred.

A cause of action is a form of property, this matter is well-settled in the law, has been applied to RICO. The Supreme Court has held that "a cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause." (*Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)). In 2003, The Tenth Circuit applied this to RICO, directly on point in the present matter:

> Plaintiff had a property interest in a cause of action allegedly prejudiced by the fraud . . . (*Deck vs. Engineered Laminates,* 349 F.3d 1253, (10th Cir. 2003)).

*Plaintiff's RICO Case Statement - page 22*

## 13.   Damages

Defendants Richard J. Fischel MD, Ph.D; and Richard J. Fischel, a Medical Corporation; and Tami Smolin are jointly and severally liable for three times the amounts of monies paid directly to Dr. Fischel by defrauded and battered victims.

Defendants Richard J. Fischel MD, Ph.D; and Richard J. Fischel, a Medical Corporation; and Tami Smolin; are also jointly and severally liable for three times the value of all lost income caused by injuries to the sympathetic nervous systems of victims.

Defendants Richard J. Fischel MD, Ph.D; and Richard J. Fischel, a Medical Corporation; and Schmid & Voiles; and Glenn H. Clark; and Steven C. Glickman; and Glickman & Glickman, a Law Corporation; are jointly and severally liable for three times the value of the meritorious court cases that were destroyed.

## 14.   State Claims

In addition to civil RICO, and the other civilly actionable federal violations, Plaintiffs seek remedy for the following state and common law claims:

Fraud, Battery under the case law *Cobbs v. Grant*, and *Duncan v. Scottsdale*, Psychosurgery Without Consent under California Welfare and Institutions Code §5325 et seq., Destruction of Medical Records under California Health and Safety Code §123100-123149.5.

1

2  Dated this 14 th day of February, 2010

3

4

5

6  Alexander Collin Baker

7  Private Attorney General

8  15911 Valley Wood Road

9  Sherman Oaks, 91403

10  Phone: 818-644-5535

11  Email: alexandercollinbaker@yahoo.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Plaintiff's RICO Case Statement - page 24*